FILED

**UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA**

2023 JAN 31   AM 11: 30

**FORT MYERS DIVISION**

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

**MICHELLE J. SMITH, Plaintiff,**

**v.**

CASE NO: 2:23 cv 68-JES-NPM

**THE BOSTON RED SOX,**

**Defendant.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHELLE J. SMITH (hereinafter "Ms. Smith" or "Plaintiff"), hereby brings this action against Defendant, The BOSTON RED SOX; (Hereinafter "Red Sox," "the Company;" or "Defendant"). In support of her claims, Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages; exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.,* 42 U.S.C. 1981, Fraud, Invasion of Privacy, Violation of Privacy Laws including General Data Protection Regulation (GDPR), and the Florida Private Whistleblower's Act Section 448.102 , Florida Statutes ("FPWA"),  due to Defendant's unlawful employment practices and actions.
2. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has Jurisdiction under 28 U.S.C. section 1332, Diversity Jurisdiction, as Plaintiff is a citizen of Florida, and Defendant is

incorporated in Massachusetts, and the amount in controversary is more than $75,000.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial amount of events giving rise to these claims occurred in Lee County, Florida, and Defendant is a corporation with sufficient contacts in, and licensed to do business in Lee County Florida.

## PARTIES

5. Plaintiff is a resident of Fort Myers Florida.
6. Defendant, The Boston Red Sox, is a Massachusetts Corporation with its principal Corporate Headquarters located at 4 Jersey St., Boston MA 02215.
7. Plaintiff sought employment with the Defendant at The Boston Red Sox' Lee County FL facility named Jet Blue Park or "Fenway South", 11500 Fenway South Dr., Fort Myers, FL. 33913.

## GENERAL ALLEGATIONS

8. Plaintiff requests a jury trial for all issues so triable.
9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.
10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FPWA, Fla. Stat. Section 448.102 (1).

## FACTUAL ALLEGATIONS

11. Ms. Smith began her employment with the Company on January 04, 2020, and last held the title of Fan and Youth Engagement Ambassador at Jet Blue Park and Fenway Park. In this role, Ambassadors are responsible for creating a fantastic and enjoyable experience by ensuring the highest standard of Fan Services. In this role, Ms. Smith was responsible for interacting and engaging with Fans in a positive and polite manner while encouraging them to become members of Red Sox nation through Fan clubs.

12. On November 1, 2021, the Company announced that it was implementing a policy requiring all salaried and hourly non-union employees in the Company to

2

be fully vaccinated against COVID-19 by January 1, 2022, with exceptions as required by law. The exemptions (disability, or religious) were due on Friday November 19, 2021. A survey was sent out November 2, 2021 asking employees if they were vaccinated or planning to be vaccinated.

13. Plaintiff Smith answered the survey on or around November 2, 2021, stating that she was not vaccinated nor was she planning on getting vaccinated.

14. Plaintiff Smith immediately tried to contact Red Sox Human Resources manager Ben Coakley ( hereinafter "Mr. Coakley") on or around November 3, 2021 to find out the parameters for submitting a religious exemption request. Defendant Coakley did not answer her call nor respond to her first message. After repeated calls, Ms. Smith spoke to Mr. Coakley around November 8, 2021 about her unvaccinated status and Mr. Coakley told Plaintiff Smith that her religious exemption request was due back to him on November 19, 2021.

15. On November 18, 2021, Ms. Smith submitted her religious request supported by a letter from her pastor, asking to be exempted from the Company's vaccination mandate based on sincerely held religious beliefs. In the request, Ms. Smith wrote that she believed the mandated vaccine was contrary to biblical teachings, her faith in God, and due to the vaccine being derived from aborted fetal cells, her clear conscience conclusion based on God's teachings was that the vaccine is immoral and against her religious beliefs as a Roman Catholic.

16. Plaintiff Smith confirmed receipt of her religious exemption request with Ben Coakley on November 19, 2021.

17. After confirmation of receipt, The Boston Red Sox ignored Ms. Smith's Religious Accommodation Request.

18. On November 18, 2021, Governor DeSantis signed into law House Bill HB-1B, which became Florida Statute § 381.00317, also referred to as Florida's Private Employer Vaccine Mandate Program, a law prohibiting private employers from enacting COVID-19 mandates for their employees without providing certain enumerated exemptions. The statute provides in pertinent part:

**A private employer may not impose a COVID-19 vaccination mandate for any full-time, part-time, or contract employee without providing individual exemptions that allow an employee to opt out of such requirement on the basis**

3

**of medical reasons, including, but not limited to, pregnancy or anticipated pregnancy; religious reasons; COVID-19 immunity; periodic testing; and the use of employer-provided personal protective equipment...**

This statute served to clarify and bolster the protections already afforded by Title VII.

19. Upon the enactment of this statute, and receipt of Plaintiff's completed exemption request on November 18, 2021, Defendant should have immediately granted Plaintiff her requested exemption to the vaccine mandate. However, Defendant continued to violate the law.

20. On or about December 18, 2021, The Red Sox' Executive Vice President of Human Resources, Amy Waryas (hereinafter "Ms Waryas"), emailed Plaintiff Smith stating that she had questions relating to Plaintiff Smith's religious exemption request. A phone call was set up for Tuesday December 21, 2021.

21. On December 21, 2021, Plaintiff was contacted via phone conference call by Amy Waryas and Ben Coakley of Human Resources for The Boston Red Sox.

22. During the call Plaintiff Smith was informed of a vaccination survey that the Red Sox sent out in May 2021. Defendant informed Plaintiff that the May survey was a one question survey with a yes or no bubble, asking if an employee was vaccinated to which Defendant claimed that the "yes" box was filled in on Plaintiff's survey making Plaintiff's vaccination surveys in May and November inconsistent.

23. When Plaintiff Smith was first told of the inconsistencies in the surveys on December 21, 2021 by Human Resources VP Amy Waryas and Ben Coakley, she was surprised and flustered because she did not have any recollection or record of the May survey. However, because Plaintiff respects authority, she believed The Red Sox when they told her that the "yes" box to being vaccinated was checked on the May 2021 survey. Due to her belief in the integrity of the Red Sox organization at the time, Ms. Smith offered the only plausible explanation of inadvertently and accidently pressing the wrong box. With consideration of the Red Sox' knowledge of her Catholic religion values, Plaintiff Smith asked the Red Sox to correct the incorrect data on the May survey and to be given the benefit of the doubt, to no avail.

24.  On December 23, 2021, Ms. Waryas contacted Plaintiff via telephone and told Ms. Smith that due to "inconsistent vaccination surveys and because the majority of the Red Sox' employees were vaccinated and Plaintiff was not, that vaccinated employees would not want to be around Plaintiff", The Red Sox were terminating Plaintiff's employment.

25. Plaintiff was terminated by Ms. Waryas via telephone on December 23, 2021.

26.  On December 24, 2021, in subsequent pleadings and correspondence challenging the facts surrounding the surveys and the Red Sox actions, with Amy Waryas, Plaintiff Smith suddenly noticed an email appear on her Red Sox email dated May 13, 2021 from Ben Coakley. When Plaintiff asked Amy Waryas for an explanation as to Ben Coakley's manipulation of the Red Sox server, the email disappeared, and Plaintiff was cut from the Red Sox server.

27. It then occurred to Plaintiff Smith that if Ben Coakley could, would and did manipulate the Red Sox server to make an email appear and disappear, he would have no problem to manipulate the survey data to make Claimant Smith's surveys inconsistent.

28. In or around February 2022 Plaintiff Smith initiated a claim against the Boston Red Sox with the Equal Employment Opportunity Commission Miami and Boston District.

29. On April 15, 2022 the EEOC Boston office launched a complaint on Plaintiff's behalf against the Boston Red Sox.

30. The EEOC claim is titled: Michelle J. Smith v. The Boston Red Sox
      EEOC/ HUD Claim # 510-2022-02188.

31. On November 9, 2022, the EEOC issued Plaintiff a Determination and Notice of Right to Sue letter, (attached).

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, EMPLOYMENT DISCRIMINATION ON THE BASIS OF RELIGION (Failure to Accommodate)

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a member of a protected class under Title VII.

34. The denial of Plaintiff's request for religious accommodation and subsequent termination were unlawful acts of discrimination and retaliation in violation of the applicable provisions of Title VII of the Civil Rights Act of 1964.

35. Defendant's actions were willful and done with malice.

36. Plaintiff was injured due to Defendant's violations of Title VII,

for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

1. (a)  A jury trial on all issues so triable;
2. (b)  That process issue and that this Court take jurisdiction over the case;
3. (c)  An injunction restraining continued violation of Title VII by Defendant;
4. (d)  Compensation for lost wages, benefits, and other remuneration;
5. (e)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position;
6. (f)  Any other compensatory damages, including emotional distress, allowable at law;

7. (g)  Prejudgment interest on all monetary recovery obtained.
8. (h)  All costs and attorney's fees incurred in prosecuting these claims; and
9. (i)  For such further relief as this Court deems just and equitable.

## COUNT II

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, EMPLOYMENT DISCRIMINATION ON THE BASIS OF RELIGION (Disparate Treatment)**

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 as though fully set forth herein.

38. Plaintiff is a member of a protected class under Title VII.

39. Defendant's aforementioned conduct subjected Plaintiff to disparate treatment based on her religion.

40. The disparate treatment to which Plaintiff was subjected based on her religion evinces Defendant's hostility towards persons of faith and constitutes unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964.

41. Defendant's actions were willful and done with malice.

42. Plaintiff was injured due to Defendant's violations of Title VII,

for which Plaintiff is entitled to legal and injunctive relief. **WHEREFORE**, Plaintiff demands:

1. (a)  A jury trial on all issues so triable;
2. (b)  That process issue and that this Court take jurisdiction over the case;
3. (c)  An injunction restraining continued violation of Title VII by Defendant;
4. (d)  Compensation for lost wages, benefits, and other remuneration;
5. (e)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position;
6. (f)  Any other compensatory damages, including emotional distress, allowable at law;
7. (g)  Prejudgment interest on all monetary recovery obtained.
8. (h)  All costs and attorney's fees incurred in prosecuting these claims; and
9. (i)  For such further relief as this Court deems just and equitable.

## Count III

## Fraud, Invasion of Privacy, Violation of Privacy Laws

43. Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 as though fully set forth herein.

44. Defendant's conduct of manipulating their server indicates that they were allegedly able to insert data to make the surveys inconsistent constituting fraud.

45. Defendant's refusal to correct data upon request of Plaintiff(survey participant), is in direct violation of The General Data Protection Regulations, and Privacy Laws.

46.Defendant's actions were willful and done with malice.

47.Plaintiff was injured due to Defendant's violations of Title VII,

for which Plaintiff is entitled to legal and injunctive relief. *WHEREFORE*, Plaintiff demands:

1. (a)  A jury trial on all issues so triable;
2. (b)  That process issue and that this Court take jurisdiction over the case;
3. (c)  An injunction restraining continued violation of Title VII by Defendant;
4. (d)  Compensation for lost wages, benefits, and other remuneration;
5. (e)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position;
6. (f)  Any other compensatory damages, including emotional distress, allowable at law;
7. (g)  Prejudgment interest on all monetary recovery obtained.
8. (h)  All costs and attorney's fees incurred in prosecuting these claims; and
9. (i)  For such further relief as this Court deems just and equitable.

## COUNT IV
## VIOLATION OF THE FLORIDA PRIVATE WHISTLE-BLOWER'S ACT § 448.102 – Florida Statutes

48. Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 as though fully set forth herein.

49. Defendant is an employer with more than ten employees that conducts business in the State of Florida and is therefore subject to the Florida Private Whistle-blower Act.

50. Plaintiff worked for Defendant from January 4, 2020 through December 23, 2021.

51. During Ms. Smith's employment with The Red Sox, she was a trusted, hardworking employee that received frequent praise for the job she performed.

52. On or about November 18, 2021, Ms. Smith submitted a request to be exempted from the Company's vaccination mandate based on a sincerely held religious belief.

53. On November 18, 2021, Governor DeSantis signed into law House Bill HB-1B, which became Florida Statute § 381.00317, also referred to as Florida's Private Employer Vaccine Mandate Program.

54. Upon the enactment of this statute, Defendant should have granted Plaintiff her requested exemption to the vaccine mandate. However, Defendant continued to violate the law.

55. On December 21, 2022, Defendant finally acknowledged Ms. Smith's Religious exemption during a phone conference with senior EVP of Human Resources, Amy Waryas, and Human Resources manager, Ben Coakley. Despite Ms. Waryas and Mr. Coakley acknowledging Ms. Smith's Religious Accommodation Request, Ms. Waryas still denied Ms. Smith's request and refused to treat Ms. Smith equally to her coworkers.

56. All Red Sox employees did not complete both the May and November vaccination surveys.

57. On December 23, 2021, Ms. Waryas terminated Ms. Smith's employment.

58. The Red Sox had no legitimate reason to terminate Ms. Smith.

59. The Red Sox' termination of Ms. Smith is clearly retaliation against her for objecting to the COVID-19 vaccine mandate.

9

60. As such it directly violates § 448.102 (3), Florida Statutes.

61.Therefore, Ms. Smith is entitled to compensatory damages

for her lost wages from the time of her termination until judgment is rendered.

62. Additionally, Section 448.08, Florida Statutes, allows a prevailing party to collect reasonable attorney's fees and costs in a claim for unpaid wages resulting from FPWA retaliation.

**WHEREFORE**, Plaintiff, demands judgment against Defendant for the following:

1. a) Declaration that defendant violated Florida Private Whistle-blower Act;
2. b) An injunction prohibiting defendant from further violations of the Florida Private Whistle-blower Act;
3. c) Reinstatement to her position;

4. d) Compensatory damages for mental anguish;
5. e) An award to plaintiff of backpay, including interest, reflecting her lost wages and benefits, which resulted from defendant's violations of the Florida Whistle-blower Act;

   and

6. f) Any other relief this Honorable Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated: January 30, 2023

*/s/Michelle J. Smith*

Michelle J. Smith

11872 Arbor Trace Dr.

Fort Myers, FL 33913

781-422-1045

mjsmith0304@hotmail.com

11

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Boston Area Office
15 New Dudbury St, Room 475
Boston, MA 02203
(617) 865-3670
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 11/09/2022

To: Michelle J. Smith
    11872 Arbor Trace Dr
    FORT MYERS, FL 33913
Charge No: 510-2022-02188

EEOC Representative and email:    FENG AN
                                 Area Directort
                                 Feng.An@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
11/09/2022

Timothy Riera
Acting District Director