UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE J. SMITH,

    Plaintiff,

v.                                                  Case No. 2:23-CV-00068-JES-NPM

THE BOSTON RED SOX,

    Defendant.

_____

## Uniform Case Management Report

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on May 4 and May 8, 2023 via telephone conference. Plaintiff Michelle J. Smith and Christian A. Garcia, representing Defendant The Boston Red Sox, attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 5/22/2023 |

| | | |
|---|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 7/3/2023 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 10/6/2023 |
| | Defendant | 11/10/2023 |
| | Rebuttal | 12/8/2023 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 1/5/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 2/23/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | | 2/9/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 6/28/2024 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 8/2/2024 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 8/9/2024 |
| Month and year of the trial term. | | November 2024 |

The trial will last approximately three (3) days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

THIS IS AN EMPLOYMENT DISCRIMINATION ACTION, IN WHICH PLAINTIFF MICHELLE J. SMITH ("MS. SMITH") ALLEGES THAT DEFENDANT THE BOSTON

2

RED SOX (THE "RED SOX") TERMINATED MS. SMITH'S EMPLOYMENT BECAUSE OF HER OBJECTION TO THE COVID-19 VACCINE AND MANDATE ON ACCOUNT OF HER SINCERELY HELD RELIGIOUS BELIEFS. IN ADDITION TO BRINGING FAILURE TO ACCOMMODATE AND UNLAWFUL TERMINATION CAUSES OF ACTION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, MS. SMITH HAS BROUGHT COMMON LAW FRAUD AND INVASION OF PRIVACY CAUSES OF ACTION RELATIVE BUT NOT LIMITED TO THE RED SOX'S ALLEGED MANIPULATION OF CERTAIN OF THEIR OWN ELECTRONIC DATABASES, AND FAILURE TO ADHERE TO THE GOVERNING PRIVACY/DATA POLICIES OF THE VACCINE SURVEYS THAT WERE CONDUCTED BY THE RED SOX IN CONJUNCTION WITH QUALTRICS, AND THAT ALL RED SOX EMPLOYEES DID NOT RESPOND TO BOTH SURVEYS. LASTLY, MS. SMITH HAS BROUGHT A CLAIM FOR VIOLATION OF THE FLORIDA PRIVATE WHISTLEBLOWERS ACT RELATIVE BUT NOT LIMITED TO MS. SMITH'S OBJECTION TO THE VACCINE AND THE RED SOX'S COVID-19 VACCINATION MANDATE, THE RED SOX'S INQUIRY INTO MS. SMITH'S RELIGIOUS VACCINE EXEMPTION WHILE KNOWN OR SHOULD HAVE KNOWN, THE INQUIRY WAS UNLAWFUL.

THE RED SOX DENIES ANY AND ALL LIABILITY TO MS. SMITH. IN GENERAL, THE RED SOX SUBMITS THAT MS. SMITH WAS TERMINATED FOR LEGITIMATE NON-DISCRIMINATORY REASONS; THAT THE RED SOX DID NOT FAIL TO ACCOMMODATE MS. SMITH; AND THAT ALL OTHER OF MS. SMITH'S CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

Plaintiff Smith consents to referral to a Magistrate Judge and to the Federal Mediation Program where Plaintiff Smith will be appointed with an Attorney to assist with the complexities of Federal Litigation.

7. **Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ The parties do request a preliminary pretrial conference, and Ms. Smith wants to discuss the Federal Mediation Program.

Plaintiff Smith requests a preliminary pretrial conference. The Court has scheduled the conference for June 15, 2023, at 10:45 am, Plaintiff Smith requests to keep this date and conduct the conference.

The Red Sox requests that the preliminary pretrial conference be held via videoconference.

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects: (i) the facts and circumstances of Ms. Smith's employment, including her job performance and her separation from employment; (ii) the Red Sox's COVID-19 vaccination policy; (iii) Ms. Smith's allegations that the Red Sox manipulated certain of their electronic databases; and their inquiry into Ms. Smith's Religious Vaccine Exemption Request. (iv) the nature, extent, and cause of Ms. Smith's alleged damages; and (v) the Red Sox's affirmative defenses.

      In addition, Ms. Smith seeks discovery: (i) from the Florida Attorney General; (ii) from a forensic computer expert; (iii) from Qualtrics; and (iv) into results and participation of Red Sox employees in both the May and November vaccine surveys.

   C. Discovery should be conducted in phases:

      ☒ No.
      ☐ Yes; describe the suggested phases.

   D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

  ☐ No.
  ☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

  ☒ No.
  ☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

Respectfully Submitted,

| MICHELLE J. SMITH, Plaintiff, | THE BOSTON RED SOX, Defendant, |
|---|---|
| | By its Attorneys, |
| */s/ Michelle J. Smith*<br>w/ permission */s/ Christian A. Garcia*<br>Michelle J. Smith<br>11872 Arbor Trace Dr.<br>Fort Myers, FL 33913<br>781-422-1045<br>mjsmith0304@hotmail.com | */s/ Christian A. Garcia*<br>Madeleine K. Rodriguez<br>Fla. Bar No. 115796<br>Christopher S. Feudo<br>*Special Admission*<br>Christian A. Garcia<br>*Special Admission*<br>FOLEY HOAG LLP<br>155 Seaport Boulevard<br>Boston, MA 02210<br>Tel: 617-832-1000<br>Fax: 617-832-7000<br>mrodriguez@foleyhoag.com<br>cfeudo@foleyhoag.com<br>cgarcia@foleyhoag.com |

Dated: May 8, 2023

## **CERTIFICATE OF SERVICE**

    I, Christian A. Garcia, do hereby certify that on this 8th day of May 2023, a copy of the foregoing document was served by e-mail on:

Michelle J. Smith
mjsmith0304@hotmail.com

                                            */s/ Christian A. Garcia*
                                            Christian A. Garcia