```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION

MICHELLE J. SMITH,

     Plaintiff,

v.                            Case No:  2:23-cv-68-JES-NPM

BOSTON RED SOX,

     Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Opposed Partial Motion to Dismiss Plaintiff's Complaint (Doc. #13) filed on April 17, 2023. Plaintiff filed an Opposition to and Incorporated Memorandum of Law in Opposition (Doc. #14) and Motion for Oral Arguments and an Evidentiary Hearing (Doc. #15) on May 1, 2023. The Court finds that oral arguments would not be beneficial, and an evidentiary hearing is not warranted at the motion to dismiss stage of the proceedings. The motion for a hearing and evidentiary hearing will therefore be denied. The remaining motion is resolved below.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations,

a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by an unrepresented (*pro se*) party is held to a less stringent standard than one drafted by an attorney, and the Court will liberally construe the allegations and documents filed as a complaint. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

## II.

According to the Complaint (Doc. #1): Plaintiff Michelle J. Smith (plaintiff or Smith) started her employment with defendant Boston Red Sox (defendant or the Red Sox) on January 4, 2020, as the Fan and Youth Engagement Ambassador at Jet Blue Park in Fort Myers, Florida. On November 1, 2021, the Red Sox announced a new policy requiring all non-union employees to be fully vaccinated against COVID-19 by January 1, 2022, subject to exceptions required by law, which were required to be submitted by November 19, 2021. Plaintiff submitted a response to a November 2, 2021 survey from the Red Sox, indicating that she was not, and would not become, vaccinated. On November 18, 2021, plaintiff submitted her religious exemption request. Receipt of the exemption request was confirmed by Human Resources Manager Ben Coakley (Coakley) on November 19, 2021.

On November 18, 2021, the Governor of the State of Florida signed Florida's Private Employer Vaccine Mandate Program into law. This Program prohibited, with certain exceptions, enactment of COVID-19 mandates for employees.

On or about December 18, 2021, Executive Vice President of Human Resources Amy Waryas (Waryas) emailed plaintiff regarding her exemption request. On December 21, 2021, plaintiff was contacted for a telephone conference by Coakley and Waryas. Plaintiff was informed that in a May 2021 single-question survey asking if she was vaccinated, she had responded "yes," making her November and May survey responses inconsistent. Plaintiff was surprised because she did not remember the May survey, but "[d]ue to her belief in the integrity of the Red Sox", she assumed she accidently pressed the wrong box and asked that the incorrect answer on the May survey be corrected.

On December 23, 2021, Waryas contacted plaintiff by telephone to inform her that due to the inconsistent surveys and because most employees were vaccinated, the other employees would not want to be around plaintiff. Plaintiff's employment was terminated. The next day, plaintiff noticed an email from Coakley dated May 13, 2021, appear before she was cut off from the Red Sox server. In or around February 2022, plaintiff initiated a claim against

4

Defendant with the EEOC, and on November 9, 2022, she received her Right to Sue letter.

On January 31, 2023, plaintiff filed a Complaint (Doc. #1) against the Boston Red Sox for violations of Title VII of the Civil Rights Act of 1964 (Counts I and II); for fraud and invasion of privacy (Count III); and violation of the Florida Private Whistleblower's Act (Count IV).  Defendant now seeks dismissal with prejudice of the state law claims in Counts III and IV.

### III.

In Count III, plaintiff alleges that defendant manipulated the computer server to insert data making the surveys inconsistent, and that the refusal to correct data upon request constitutes a violation of "The General Data Protection Regulations, and Privacy Laws."  Plaintiff alleges that defendant acted willfully and with malice and she was injured by its conduct.

Defendant argues that if this is construed as a fraud claim, it is not pled with sufficient specificity.  Defendant also argues that plaintiff has no expectation of privacy in her response to the survey, the GDPR does not apply, and the invocation of "privacy

5

laws" does not state a claim.  The Court will consider each of the potential claims in Count III in turn.

### (1) Fraud

Count III may be liberally construed as attempting to state a fraud claim under Florida law.  "The essential elements of common-law fraud are: (1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person." Gandy v. Trans World Computer Tech. Grp., 787 So. 2d 116, 118 (Fla. 2d DCA 2001) (citation omitted).  Under Federal Rule of Civil Procedure 9(b), when pleading fraud, plaintiff "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To satisfy Rule 9(b)'s 'particularity' standard, the complaint must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d

1309, 1316-17 (11th Cir. 2007) (citing Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

Plaintiff alleges that defendant told her that her response in the May survey stated she had been vaccinated, and she relied on defendant's statement based on their "integrity" that what they told her was true. Plaintiff accepted she made a mistake in the May survey and admitted it but was nonetheless terminated. Plaintiff also refers a back-dated email received the day after her termination and refers to all statements as incorrect or a manipulation, but never as false. The allegations do not state a claim of fraud with sufficient particularity, so the motion to dismiss will be granted, with leave to file an amended count.

**(2) Invasion of Privacy**

There are four types of invasion of privacy, only two of which could possibly apply to the facts alleged in this case: "(3) public disclosure of private facts—the dissemination of truthful private information which a reasonable person would find objectionable; and (4) false light in the public eye—publication of facts which place a person in a false light even though the facts themselves may not be defamatory." Allstate Ins. Co. v. Ginsberg, 351 F.3d 473, 482 (11th Cir. 2003) (citing Agency for Health Care Admin. v. Associated Indus. of Fla., Inc., 678 So. 2d 1239, 1252 n.20 (Fla. 1996)). Neither are sufficiently pled in the Complaint.

7

The elements of a claim of public disclosure of private facts are: 1) the publication, 2) of private facts, 3) that are offensive, and 4) are not of public concern. Spilfogel v. Fox Broad. Co., 433 F. App'x 724, 725 (11th Cir. 2011) (citation omitted). It is unclear if the private facts are the survey response or the exemption request, and there is no allegation of a publication. Accordingly, Count III does not sufficiently state this type of privacy claim.

"The two essential elements for recovery under false light invasion of privacy are: (1) the false light must be highly offensive to a reasonable person; and (2) the defendant must have acted either knowingly or in reckless disregard as to the falsity of the publicized material and the false light in which it would be placed." Lane v. MRA Holdings, LLC, 242 F. Supp. 2d 1205, 1221 (M.D. Fla. 2002). Count III contains no allegation of publication of any qualifying facts outside of the company or to plaintiff. The Court finds that plaintiff has failed to state a claim for this type of invasion of privacy. The motion to dismiss will be granted, with leave to file an amended count.

**(3)  Data Protection Act and Regulations**

Count III alleges that defendant's refusal to correct data upon request of plaintiff has a survey participant is in "direct

violation of The General Data Protection Regulations, and Privacy Laws." (Doc. #1, ¶ 45.)

"Under the Data Protection Act and EU General Data Protection Regulations 2018, which is in force in the United Kingdom where the deposition will occur, and under the European Convention on Human Rights and the Human Rights Act (collectively, the "Acts"), every European Union citizen has a right to privacy." d'Amico Dry d.a.c. v. Nikka Fin., Inc., No. CV 18-0284-KD-MU, 2018 WL 5116094, at *2 (S.D. Ala. Oct. 19, 2018). Since there is no allegation that either party is a European Union citizen, the Court finds that the GDPR does not afford protections in this case. The motion to dismiss this portion of Count III will be granted as to this claim.

**IV.**

In Court IV plaintiff seeks relief under Florida's Whistleblower Act (FWA). Plaintiff alleges that she submitted a request for exemption from the company's vaccination mandate. On the same day, a Florida law was passed which plaintiff argues required defendant to grant the requested exemption. Defendant failed to do so, in violation of the new law. Plaintiff also alleges that she was not treated equally to her co-workers and was terminated for no legitimate reason as retaliation for objecting to the vaccine mandate.

9

A Complaint must sufficiently allege facts plausibly establishing the elements plaintiff will be required to prove. "Under existing precedent, in order to establish a prima facie case of retaliation under FWA, Plaintiff must prove that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally linked to the statutorily protected activity." White v. Purdue Pharma, Inc., 369 F. Supp. 2d 1335, 1336 (M.D. Fla. 2005). An employer may not take any retaliatory action against an employee who "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3). "'Law, rule, or regulation' includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." Fla. Stat. § 448.101(4). "Generally, retaliation claims under the Florida Whistleblower Act are analyzed in the same manner as Title VII retaliation claims." U.S. ex rel. Vargas v. Lackmann Food Serv., Inc., 510 F. Supp. 2d 957, 968 (M.D. Fla. 2007) (citing Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950-51 (11th Cir. 2000)).

Plaintiff cites to a Florida statute[1] enacted on November 18, 2021, prohibiting COVID-19 vaccination mandates by private employers. Defendant argues that plaintiff has failed to allege facts showing that she objected to the defendant's policy based on that law and failed to allege that the policy violates the law.

Plaintiff generally alleges she was not treated equally to her coworkers and was terminated as retaliation for objecting to the vaccine mandate by seeking an exemption based on her religious beliefs. (Doc. #1, p. 9.) However, plaintiff does not allege that she ever referred to the state law against vaccine mandates through the submitted exemption or by any other means, or how she objected to the vaccine policy to her employer other than by submitting the exemption, which was permitted under the policy. "[M]erely requesting a religious accommodation is not the same as opposing the allegedly unlawful denial of a religious accommodation." Leigh v. Artis-Naples, Inc., No. 2:22-CV-606-JLB-NPM, 2022 WL 18027780, at *13 (M.D. Fla. Dec. 30, 2022) (quoting EEOC v. N. Mem'l Health Care, 908 F.3d 1098, 1102 (8th Cir. 2018)).

---

[1] "A private employer may not impose a COVID-19 vaccination mandate for any full-time, part-time, or contract employee without providing individual exemptions that allow an employee to opt out of such requirement on the basis of medical reasons, including, but not limited to, pregnancy or anticipated pregnancy; religious reasons; COVID-19 immunity; periodic testing; and the use of employer-provided personal protective equipment." Fla. Stat. § 381.00317(1).

11

Without any facts of a statutorily protected expression whereby the policy was resisted pursuant to the Florida statute, plaintiff has not stated a claim. Further, plaintiff has not alleged a causal connection to the adverse action of her termination as the Complaint implies that she was terminated based on the inconsistent survey responses. The motion to dismiss will be granted without prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendant's Opposed Partial Motion to Dismiss Plaintiff's Complaint (Doc. #13) is **GRANTED** to the extent that Counts III and IV of the Complaint are **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order. The motion is otherwise denied.

2. Plaintiff's Motion for Oral Arguments and an Evidentiary Hearing (Doc. #15) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of June 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record