UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE J. SMITH,

      Plaintiff,

v.                     Case No:  2:23-cv-68-JES-NPM

BOSTON RED SOX,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the Opposed Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. #35) filed by the Boston Red Sox (the Defendant or Red Sox) on July 21, 2023.  Michelle J. Smith (the Plaintiff or Smith), acting pro se, filed a Response in Opposition (Doc. #36) on August 4, 2023. With permission from the Court, the Defendant filed a Reply (Doc. #40) on September 1, 2023. For the reasons set forth, the motion is granted, with leave to file a second amended complaint.

I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation

omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by an unrepresented party is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally.  Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

**II.**

Plaintiff's Amended Complaint (the AC) makes the following factual allegations: Plaintiff began working for the Defendant on January 4, 2020. (Doc. #33, ¶ 10.) In early September 2021, Plaintiff informed her supervisor, Taryn Bratz (Bratz), that she was not vaccinated against COVID-19. (Id., ¶¶ 12-13.) Defendant was afterwards assigned a new supervisor, Kelsey Doherty (Doherty). (Id., ¶ 17.) Doherty held a meeting and informed everyone present that they were all vaccinated against COVID-19. (Id., ¶ 19.)  Plaintiff was not at this meeting.[1] (Id.) Defendant announced on November 1, 2021 that it was implementing a new policy requiring all salaried and hourly non-union employees to be vaccinated against COVID-19 by January 1, 2022, with exceptions as required by law. (Id., ¶ 21.)

---

[1] The Defendant asserts Plaintiff was present at the meeting. However, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The Court will therefore accept the AC's version of the facts over Defendant's objection.

3

Defendant then sent employees a survey asking if they were vaccinated or planning to become vaccinated. (Id.) Those not vaccinated were told to submit any requested exemptions by November 19, 2021. (Id.) Plaintiff answered that she was not vaccinated nor was she planning on getting vaccinated and submitted her exemption request. (Id., ¶¶ 22, 25.) Plaintiff's exemption request sought to "explain[] how the Catholic Church's teachings have led individual Catholics, including [her]self, to decline certain vaccines." (Doc. #33, Ex. 2, p. 1.)[2] The request was accompanied by a letter from Plaintiff's pastor echoing her rationale. (See id., p. 3.) On November, 19, 2021, Plaintiff alerted Human Resources Manager Ben Coakley (Coakley) of the recently enacted Florida Statute 381.00317.[3] (Doc. #33, ¶ 26.)

Executive Vice President of Human Resources Amy Waryas (Waryas) emailed the Plaintiff about a month later, seeking a phone call to "follow up on [the] vaccination exemption request." (Id.,

---

[2] "A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).

[3] Titled "Private Employer COVID-19 Vaccination Mandates Prohibited", the new statute, which was enacted on November 18, 2021, "forbids employers from imposing COVID-19 vaccination mandates on its employees without providing individual exemptions based on, among other things, sincerely held religious beliefs." Leigh v. Artis-Naples, Inc., No. 2:22-CV-606-JLB-NPM, 2022 WL 18027780, at *2 (M.D. Fla. Dec. 30, 2022).

Ex. 3, p. 1.) In a subsequent conversation Waryas, Coakley, and Plaintiff discussed the previous survey sent by the Red Sox to employees in May 2021. (Id., ¶¶ 31-32.) That survey had asked one question: are you vaccinated? (Id., ¶ 32.) The survey results indicated that Plaintiff selected the "yes" box. (Id., ¶ 33.) Plaintiff was surprised by this because she did not remember the May survey, but "[d]ue to her belief in the integrity of the Red Sox", she assumed she accidently pressed the wrong box. (Id.)

Plaintiff requested that the incorrect answer on the May survey be corrected. (Id.) The Defendant did not do so. (Id.) Instead, Plaintiff's employment was terminated two days later. (Id., ¶ 34.)

After her termination, Plaintiff noticed an email from Coakley dated May 13, 2021, appear and disappear in her inbox before she was cut off from the Red Sox server. (Id., ¶ 36.) Plaintiff initiated a claim against the Defendant with the EEOC and received a right to sue letter. (Id., ¶¶ 38-42.)

### III.

Plaintiff's AC (Doc. #33) is the operative pleading and alleges the following four claims: violation of Title VII of the Civil Rights Act of 1964 (Counts I and II); fraud, invasion of privacy, and violation of privacy laws (Count III); and violation of Florida's Private Whistleblower's Act (Count IV). Defendant now moves to dismiss Count III with prejudice.  Count III alleges that

Defendant manipulated the computer server to insert data and make the surveys inconsistent — constituting fraud and violating the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the Federal Trade Commission Act (FTCA), the Electronic Communications Privacy Act (ECPA), and the Stored Communications Act (SCA). (Doc. #33, ¶ 57.) Count III further alleges that "Defendant's refusal to correct [the] data upon request of Plaintiff . . . [was] a direct violation of HIPPA [sic]." (Id., ¶ 60.) Additionally, Count III alleges that Defendant violated 18 U.S.C. § 1001 when it "portrayed [the Plaintiff] in a false light" by "disseminating [the] false data . . . to the EEOC, the Florida Attorney General, and this Court . . . ." (Id., ¶ 59.)

Defendant argues that Count III fails to state a common-law fraud claim or to plead a fraud claim with sufficient specificity. Additionally, Defendant argues Plaintiff has failed to state a common-law invasion of privacy of claim. Lastly, Plaintiff argues Florida no longer recognizes a false light claim, that HIPAA and FTCA do not provide for a private cause of action, and that while Plaintiff does not state which provision of the ECPA or SCA the Red Sox violated, Count III fails to state a claim under any provision. The Court will address the arguments in turn, beginning with Plaintiff's fraud claim.

**A. Fraud**

Defendant argues that the fraud claim must be dismissed because not all of its elements are plead in the AC. (See Doc. #35, p. 9-10.) And even if all the elements were pled, Defendant argues that the AC "falls short of pleading fraud with particularity as required by Fed. R. Civ. P. 9(b)." (Id. at p. 10.). Both arguments are correct.

"The essential elements of common-law fraud are: (1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person." Gandy v. Trans World Computer Tech. Grp., 787 So. 2d 116, 118 (Fla. 2d DCA 2001) (citation omitted). Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for a fraud claim. A plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). That "means identifying the who, what, when, where, and how of the fraud alleged." Omnipol, A.S. v. Multinational Def. Servs., LLC, 32 F.4th 1298, 1307 (11th Cir. 2022)(citing Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008)). More specifically, the complaint must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the

statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." <u>Ambrosia Coal & Const. Co. v. Pages Morales</u>, 482 F.3d 1309, 1316–17 (11th Cir. 2007) (citing <u>Brooks v. Blue Cross & Blue Shield of Florida, Inc.</u>, 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

The AC alleges that the May 2021 survey had been doctored to falsely state the Plaintiff was vaccinated. (<u>See</u> Doc. #33, ¶¶ 32, 37, 57.) The AC identifies Coakley as the person who "manipulate[d] the survey data to make [Plaintiff]'s surveys false and inconsistent." (<u>Id.</u>, ¶ 37.) Exhibit 5, attached to the AC, allegedly "shows how" Coakley, as a "brand ambassador," had "the ability to erase, input, and access survey data." (<u>Id.</u>) (Exhibit 5 is a webpage from a software survey company's website stating that a "survey response may be edited if the user has the appropriate account permission . . . which is controlled by Brand Administrators.") The AC asserts this was all done "knowingly." (<u>Id.</u>, ¶ 58.)

Missing from the AC, however, is any mention that Defendant sought to induce Plaintiff's reliance on the false information or what action was undertaken by the Plaintiff in reliance on the correctness of the allegedly false statement. <u>See</u> <u>Gandy</u>, 787 So. 2d at 118. "Indeed, to prove fraud, a plaintiff must establish that the defendant made a deliberate and knowing misrepresentation

designed to cause, and actually causing detrimental reliance by the plaintiff." First Interstate Dev. Corp. v. Ablanedo, 511 So. 2d 536, 539 (Fla. 1987). Because the AC alleges no reliance, it fails to allege specific elements of a fraud claim. A "plaintiff's '[f]ailure to allege a specific element of fraud in a complaint is fatal when challenged by a motion to dismiss.'" Infante v. Bank of America Corp., 468 F. App'x 918, 920 (11th Cir. 2012)[4](alteration in original)(quoting Strack v. Fred Rawn Constr., Inc., 908 So.2d 563, 565 (Fla. 4th DCA 2005)). The fraud claim in Count III will be dismissed without prejudice.

**B. Invasion of Privacy**

Count III also alleges an invasion of privacy. (See Doc. #33, p. 9.) There are four types of invasion of privacy, only two of which could possibly apply to the facts alleged in this case: "(3) public disclosure of private facts—the dissemination of truthful private information which a reasonable person would find objectionable; and (4) false light in the public eye—publication of facts which place a person in a false light even though the facts themselves may not be defamatory." Allstate Ins. Co. v. Ginsberg, 351 F.3d 473, 482 (11th Cir. 2003) (citing Agency for

---

[4] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

Health Care Admin. v. Associated Indus. of Fla., Inc., 678 So. 2d 1239, 1252 n.20 (Fla. 1996)). Count III fails to satisfy the federal pleading standard for either type of potential invasion of privacy claim.

### (1)  Public Disclosure of Private Facts

The elements of a claim of public disclosure of private facts are: 1) the publication, 2) of private facts, 3) that are offensive, and 4) are not of public concern. Spilfogel v. Fox Broad. Co., 433 F. App'x 724, 725 (11th Cir. 2011) (citation omitted). Defendant argues that the AC "does not allege any publication" (Doc. #35, p. 11) and that Plaintiff "has no reasonable expectation of privacy in her COVID-19 vaccination status, the only arguable private fact that is referenced in the [AC]." Id. at p. 12.

The AC does not allege that there was a publication of an allegedly private fact, so dismissal is warranted. See Muhammad v. Muhammad, 654 F. App'x 455, 457 (11th Cir. 2016)(per curiam)(acknowledging that "[a]lthough we give liberal construction to the pleadings of pro se litigants," they must still "give the defendant fair notice of what the . . . claim is and grounds upon which it rests." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555(2007))).

Plaintiff states in her brief that the allegedly wrongful publication was the "disclosing [of] Plaintiff's vaccination

status, and her Religious Vaccine Exemption Request, to a third party (Kelsey Doherty) . . . ." (Doc. #36, p. 12.) There are two problems with this argument. First, no such allegation is set forth in the AC. Second, such an allegation would be insufficient because disclosure to Plaintiff's direct supervisor is not a disclosure to the public, as required to establish the claim. Publication "requires that a matter be 'made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.'" Hunstein v. Preferred Collection & Mgmt. Servs., Inc., 48 F.4th 1236 (11th Cir. 2022)(quoting Restatement (Second) of Torts § 652D (Am. L. Inst. 1977)). The ultimate inquiry is "whether the disclosed information 'reaches, or is sure to reach, the public.'" Id. at 1247. As a result, the minimum requirement for a public disclosure pleading is "not met where the plaintiff ma[kes] 'no allegation' that the defendant 'could have expected public disclosure to arise' from his communication." Id. at 1246 n. 6 (quoting Fernandez-Wells v. Beauvais, 983 P.2d 1006, 1009 (N.M. Ct. App. 1999)).

Because the AC fails to allege that any private facts were made public or were likely to be made public, it must be dismissed. See Hunstein, 48 F.4th 1236; see also Leach v. Dist. Bd. of Trustees of Palm Beach, 244 F. Supp. 3d 1334, 1341 (S.D. Fla. 2017)(dismissing a Florida public disclosure claim because "there

[was] no allegation that Plaintiff's [private fact] was revealed to persons from 'whom the information predictably goes to many.'"(quoting Williams v. City of Minneola, 575 So. 2d 683, 689 (Fla. Dist. Ct. App. 1991))).Even if the AC pled what Plaintiff asserts in her brief—that the company shared Plaintiff's vaccination information with Plaintiff's direct supervisor—that would also be insufficient, partly because "under basic agency principles, the acts of a corporation's agents are considered to be those of a single legal actor." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000)(citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 603 (5th Cir.1981)). And "[a]s the Restatement says, 'it is not an invasion of the right of privacy' to 'communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons.'" Hunstein, 48 F.4th at 1249. Therefore, this portion of Count III is dismissed without prejudice.

### (2)   Florida does not recognize a false light claim

Count III also claims that "Defendant[']s conduct . . . caused Plaintiff to be portrayed in a false light . . . ." (Doc. #33, ¶ 58.)  Defendant argues that any false light claim against it must be dismissed because "[t]he State of Florida no longer recognizes such a claim." (Doc. #35, p. 12.) The Court agrees. See Jews for Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008)("[W]e decline to recognize a cause of action for false light invasion of

privacy."); Dowbenko v. Google Inc., 582 F. App'x 801, 804 (11th Cir. 2014)("[Plaintiff]'s false light invasion of privacy claim fails because Florida law does not recognize such a cause of action."); Maletta v. Woodle, No. 2:20-CV-1004-JES-MRM, 2021 WL 1894023, at *2 (M.D. Fla. May 11, 2021)(dismissing a false light claim since it is not recognized under Florida law). Count III is dismissed with prejudice as to the false light portion of the claim.

### (3) There is no private right of action under 18 U.S.C. § 1001, HIPAA, or FTCA.

Defendant also challenges whether the other statutes Plaintiff relies upon in Count III provide for a private cause of action. (See Doc. #35, p. 13.) The mere existence of a statute does not establish a private cause of action, even if the statute has been violated. Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979)(explaining that merely because "a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." (quoting Cannon v. University of Chicago, 441 U.S. 677, 688 (1979))); Alabama v. PCI Gaming Auth., 801 F.3d 1278, 1294 (11th Cir. 2015)("A statute may, but does not necessarily, create a cause of action either expressly or by implication."). "[T]he ultimate issue is whether Congress intended to create a private right of action." California v. Sierra Club, 451 U.S. 287, 293 (1981).

Congress did not intend to create a private right of action under 18 U.S.C. § 1001, HIPAA, or FTCA.

The law in this Circuit and District is clear: 18 U.S.C. § 1001 is a criminal statute which created no private right of action. Blankenship v. Gulf Power Co., 551 F. App'x 468, 471 (11th Cir. 2013)(per curiam)(finding that 18 U.S.C. § 1001 and other statutes did not "provide[] a cause of action for [defendant's] alleged wrongful conduct."); Lichtenberg v. Sec'y of the Navy, 627 F. App'x 916, 917 (11th Cir. 2015)(per curiam)("Section 1001 of Title 18 of the U.S.Code is a criminal statute. . . . It does not provide a civil cause of action."); Thomas v. Franklin, No. 8:19-CV-179-T-33TGW, 2019 WL 1281174, at *2 (M.D. Fla. Mar. 20, 2019)("Again, as previously explained, 18 U.S.C. § 1001, which makes it a crime to make false statements or use false documents in a matter within federal jurisdiction, is a criminal statute that does not create a private cause of action."). Therefore, the portion of Count III which relies upon § 1001 is dismissed with prejudice.

"Likewise, we agree that no private right of action exists under the Health Insurance Portability and Accountability Act." Crawford v. City of Tampa, 397 F. App'x 621, 623 (11th Cir. 2010) (per curiam); see also Laster v. CareConnect Health Inc., 852 F. App'x 476, 477 (11th Cir. 2021)(per curiam)("Here, the district court correctly dismissed [plaintiff]'s claims under Title 18, the

Public Health Service Act, and HIPAA because these statutes do not create private rights of action.")

The same is true for the FTCA. <u>Smith v. JP Morgan Chase</u>, 837 F. App'x 769, 769–70 (11th Cir. 2021)(per curiam)("A private right of action does not exist under the FTCA, meaning [plaintiff]'s allegation . . . is futile because she can bring no action under the FTCA."); <u>Lingo v. City of Albany Dep't of Cmty. & Econ. Dev.</u>, 195 F. App'x 891, 894 (11th Cir. 2006)(citing <u>Roberts v. Cameron-Brown Co.</u>, 556 F.2d 356, 361 n.6 (5th Cir. 1977)). The portion of Count III relying on HIPAA and the FTCA is dismissed with prejudice.

### (4)   The ECPA & SCA claims are not sufficiently pled

Unlike the aforementioned statutes, "[t]he ECPA [does] authorize[] an aggrieved party to file a civil action . . . ." <u>United States v. Cray</u>, 450 F. App'x 923, 930 (11th Cir. 2012)(citing 18 U.S.C. § 2707(a)). The ECPA consists of three statutes: the Wiretap Act, the Pen Register statute, and the SCA. See <u>Vista Mktg., LLC v. Burkett</u>, 812 F.3d 954, 967 (11th Cir. 2016). The Wiretap Act and the Pen Register statute concern interception of wire, oral, and electronic communications, while the SCA concerns "access to stored communications and records." <u>United States v. Steiger</u>, 318 F.3d 1039, 1047 (11th Cir. 2003).

Count III asserts that the alleged altering of the surveys violates "15 U.S. Code sec. 45, The Electronic Communications

Privacy Act (ECPA) [and] 18 U.S. Code Chapter 119, the Stored Communications Act (SCA)." (Doc. #33, ¶ 57.) The Defendant contends those charges must be dismissed because the "[Plaintiff] does not state which provision of the ECPA or the SCA the [Defendant] has allegedly violated." (Doc. #35, p. 15.) Because the Court agrees, both are dismissed without prejudice.

The AC does cite to 15 U.S.C § 45 and 18 U.S.C Chapter 119. But the latter houses multiple ECPA provisions (see 18 U.S.C. §2510-§2523) while the former is the FTCA which, as already discussed, has no private cause of action. As a result, it is unclear whether the Defendant is accused of illegally intercepting communications, storing communications, both, or neither.[5] These references to entire chapters renders Count III improperly vague as to this aspect of the claim.  See Muhammad, 654 F. App'x at 457; Snow v. DirecTV, Inc., 450 F.3d 1314, 1321 (11th Cir. 2006) ("[A] valid civil complaint under the SCA must allege a violation of one of its provisions."). Count III fails to allege sufficient plausible facts to support either claim, and the ECPA/SCA claims are dismissed without prejudice.

Accordingly, it is now

---

[5] If the AC is attempting to allege any impropriety under the ECPA as to the surveys between the parties, that theory would appear to be improper "because the Act simply does not apply to parties to the transmission." United States v. Diaz-Lizaraza, 981 F.2d 1216, 1220 n.1 (11th Cir. 1993).

**ORDERED**:

1. Defendant's Motion to Dismiss for Failure to State a Claim (Doc. #35) is **GRANTED** to the extent that Count III of the Amended Complaint is **dismissed without prejudice** as to the fraud, invasion of privacy, ECPA/SCA portions of the claim, and is **dismissed with prejudice** as to the false light, § 1001, HIPAA, and FTCA portions of the claim.

2. If Plaintiff wishes to pursue any of the claims of Count III which have been dismissed without prejudice, Plaintiff may file an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order setting forth her original claims in the other counts as well as the amended version of Count III.

   **DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of September, 2023.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Parties of record